**FILED**
CLERK, U.S. DISTRICT COURT

**1/3/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>GURAMRIT SIDHU,<br>  aka "King,"<br>  aka "King 1,"<br>  aka "King 2,"<br>  aka "Siddd,"<br>IVAN GRAVEL GONZALEZ,<br>DANIEL ANTONIO TREJO HUERTA,<br>IGNACIO LOPEZ,<br>DANIEL JOSEPH ALAN HERRERA,<br>ORLANDO VELASCO JR.,<br>ANGEL LARRY SANDOVAL,<br>JORGE PINA NICOLS, and<br>BRYAN URETA VALENZUELA,<br><br>      Defendants. | CR No. 2:24-cr-00005-JAK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 21 U.S.C. § 963: Conspiracy to Export Controlled Substances; 21 U.S.C. § 848(a): Continuing Criminal Enterprise; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C): Possession with Intent to Distribute and Distribution of Controlled Substances; 18 U.S.C. §§ 2(a), (b): Aiding and Abetting and Causing an Act to be Done; 21 U.S.C. §§ 853 and 970: Criminal Forfeiture] |

The Grand Jury charges:

1

<u>COUNT ONE</u>

[21 U.S.C. § 846]

[DEFENDANTS SIDHU, GONZALEZ, HUERTA, LOPEZ, HERRERA, VELASCO SANDOVOL, and NICOLS]

A. <u>OBJECTS OF THE CONSPIRACY</u>

Beginning on a date unknown to the Grand Jury, but no later than September 2020, and continuing to on or about February 14, 2023, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," IVAN GRAVEL GONZALEZ, DANIEL ANTONIO TREJO HUERTA, IGNACIO LOPEZ, DANIEL JOSEPH ALAN HERRERA, ORLANDO VELASCO, JR., ANGEL LARRY SANDOVAL, and JORGE PINA NICOLS conspired with each other and with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute the following controlled substances:

1. At least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii);

2. At least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii)(II);

3. Cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C); and

4. Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant SIDHU would arrange to purchase bulk quantities of cocaine and methamphetamine in the United States for importation into Canada for further distribution.

2. Defendant SIDHU and others known and unknown to the Grand Jury would arrange for the transportation of cocaine and methamphetamine from the United States to Canada for further distribution.

3. Defendant SIDHU would provide telephone numbers and serial numbers on bills of currency to co-conspirators to use as a "token" for identification purposes during the delivery of cocaine and methamphetamine in the United States.

4. Defendants GONZALEZ, HUERTA, LOPEZ, HERRERA, VELASCO, SANDOVAL, and NICOLS, and others known and unknown to the Grand Jury, would arrange for the delivery of methamphetamine and cocaine to co-conspirators in the greater Los Angeles area for eventual transportation to Canada for further distribution.

5. Defendants LOPEZ, HERRERA, and NICOLS, and others known and unknown to the Grand Jury, would utilize the "tokens," provided by defendant SIDHU, for identification purposes when arranging for the delivery of cocaine in the greater Los Angeles area.

6. Defendants GONZALEZ, HUERTA, LOPEZ, HERRERA, VELASCO, SANDOVAL, and NICOLS, and others known and unknown to the Grand Jury,

would assist in the delivery of and deliver methamphetamine and cocaine to drug transporters for eventual transportation to Canada for further distribution.

7.   Co-conspirators would transport cocaine and methamphetamine from the United States to Canada in long-haul semi-trucks.

8.   Defendant SIDHU and others known and unknown to the Grand Jury would retrieve cocaine and methamphetamine, exported from the United States to Canada, from locations in Canada.

9.   Defendant SIDHU and others known and unknown to the Grand Jury would distribute cocaine and methamphetamine to others known and unknown to the Grand Jury in Canada.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants SIDHU, GONZALEZ, HUERTA, LOPEZ, HERRERA, VELASCO, SANDOVAL, and NICOLS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**200 Kilogram Methamphetamine Load on September 13, 2022**

Overt Act No. 1:   On September 12, 2022, defendant SIDHU directed a person who defendant SIDHU believed was a drug transportation coordinator, but who, in fact, was a confidential informant working with law enforcement ("CI-1"), to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would deliver or coordinate the delivery of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 2:   On September 13, 2022, defendant SIDHU passed the telephone number and serial number, previously provided by CI-1, to defendant SIDHU's drug supplier.

Overt Act No. 3:   On September 13, 2022, defendant HUERTA called a telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant HUERTA believed was a drug transporter, but who, in fact, was CI-1, for the purpose of arranging the delivery of methamphetamine.

Overt Act No. 4:   During the call on September 13, 2022, when it became clear that defendant HUERTA and CHS-1 did not speak the same language, defendant HUERTA passed his telephone to an unidentified man ("UM-1") to arrange for the delivery of methamphetamine to CI-1, posing as a drug transporter.

Overt Act No. 5:   In subsequent calls on September 13, 2022, using coded language, UM-1, speaking on behalf of defendant HUERTA, told CI-1 that the delivery would consist of eight large boxes containing 200 kilograms of methamphetamine.

Overt Act No. 6:   In a text message on September 13, 2022, defendant HUERTA confirmed that he would arrive at the agreed-upon meeting location, which was a parking lot in Montclair, California, in five minutes.

///

///

///

///

///

///

///

5

Overt Act No. 7:    On September 13, 2022, in Montclair, California, defendant HUERTA possessed with intent to distribute approximately 200 kilograms of methamphetamine, as depicted below. The methamphetamine was split into three large cardboard boxes in the cab and five large cardboard boxes in the bed of the construction truck that defendant HUERTA was driving, an example of which is depicted below:

 

**Two Loads Totaling 125 Kilograms of Cocaine Exported to Canada on September 21-27, 2022**

Overt Act No. 8:    On September 20, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with two telephone numbers of drug transporters and two serial numbers on bills of currency so that defendant SIDHU could pass the information to his drug supplier who would deliver or coordinate the delivery of two cocaine loads to drug transporters in the greater Los Angeles area.

Overt Act No. 9:    On September 20, 2022, defendant SIDHU passed one of the telephone numbers and one of the serial numbers, previously provided by CI-1, to defendant SIDHU's drug supplier,

6

which was to be used for the delivery of 45 kilograms of cocaine to a drug transporter in the greater Los Angeles area (the "First Cocaine Load").

Overt Act No. 10:   On September 20, 2022, defendant GONZALEZ called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant GONZALEZ believed was a drug transporter, but who, in fact, was CI-1, and arranged the date and time for the delivery of the First Cocaine Load.

Overt Act No. 11:   In subsequent text messages on September 20, 2022, using coded language, defendant GONZALEZ told CI-1 that the delivery was going to be 45 kilograms of cocaine.

Overt Act No. 12:   On September 21, 2022, at a parking lot in Ontario, California, defendant GONZALEZ met with co-conspirator 1 ("CC-1"), who was a drug transporter, and handed over two large cardboard boxes containing approximately 45 kilograms of cocaine.

Overt Act No. 13:   On September 21, 2022, after CC-1 retrieved the First Cocaine Load from defendant GONZALEZ, CC-1 secreted it inside of CC-1's semi-truck trailer, drove the trailer to a trucking warehouse in Ontario, California, and left the trailer in a parking stall to be picked up by another co-conspirator.

Overt Act No. 14:   On September 21, 2022, after CI-1 informed defendant SIDHU that the First Cocaine Load had been delivered to the drug transporter, defendant SIDHU requested the status of a second cocaine load.

Overt Act No. 15:   On September 21, 2022, co-conspirator ("CC-2") arranged for a drug transporter to pick up the trailer containing the First Cocaine Load from the trucking warehouse in Ontario, California, where the trailer was parked, for exportation to Canada.

Overt Act No. 16:   Between September 20-22, 2022, defendant SIDHU passed one of the telephone numbers and one of the serial numbers, previously provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for the delivery of 80 kilograms of cocaine to a drug transporter in the greater Los Angeles area (the "Second Cocaine Load").

Overt Act No. 17:   On September 22, 2022, a co-conspirator ("CC-3") called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who CC-3 believed was a drug transporter, but who, in fact, was CI-1, and arranged date and time for the delivery of a Second Cocaine Load.

Overt Act No. 18:   On September 22, 2022, at a parking lot in Ontario, California, CC-3 met with CC-1, and CC-3 handed over four large cardboard boxes containing a total of 80 kilograms of cocaine to CC-1.

Overt Act No. 19:   On September 22, 2022, defendant SIDHU inquired as to the status of the Second Cocaine Load, to which CI-1 later responded that the Second Cocaine Load containing 80 kilograms of cocaine was completed.

Overt Act No. 20:   On September 23, 2022, another co-conspirator ("CC-4") met with CC-1 and helped CC-1 secrete the Second Cocaine Load, i.e., the four boxes containing 80 kilograms of cocaine, inside of a trailer attached to CC-1's semi-truck.

Overt Act No. 21:   On September 23, 2022, after secreting the second cocaine load inside of the trailer, CC-1 dropped off the trailer to another co-conspirator ("CC-5"), who was a drug transporter, for exportation to Canada.

Overt Act No. 22:   On September 23, 2022, using coded language, CC-2 advised CI-1 that the trailer containing the First Cocaine Load crossed the United States-Canada border.  Around this time, using coded language, defendant SIDHU requested from CI-1 the status of the exportation of the First Cocaine Load, to which CI-1 later responded (after receiving an update from CC-2) that it had crossed into Canada via the United States-Canada border that evening.

Overt Act No. 23:   On or about September 26, 2022, CC-5, driving the trailer containing the Second Cocaine Load, crossed into Canada via the United States-Canada border.

Overt Act No. 24:   On September 26, 2022, which was just after midnight on September 27, 2022 in Eastern Daylight Time, after learning that the truck exporting the second cocaine load (containing 80 kilograms of cocaine), had arrived at a trucking yard in Brampton, Ontario, Canada, defendant SIDHU went to the trucking yard and retrieved the boxes containing the cocaine and transported them back to his residence in Brampton, Ontario, Canada.

Overt Act No. 25:   On September 27, 2022, at a parking lot in Ontario, Canada, defendant SIDHU delivered five cardboard boxes containing cocaine to a drug distributor ("CC-6").

///
///
///
///
///
///
///
///

Overt Act No. 26:   On September 27, 2022, CC-6 possessed with intent to distribute approximately 54.78 kilograms of a mixture and substance containing a detectable amount of cocaine, as depicted below:



**100 Kilogram Cocaine Load Exported to Canada on October 2-11, 2022**

Overt Act No. 27:   On October 2, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to his drug supplier who would deliver or coordinate the delivery of cocaine to a drug transporter in the greater Los Angeles area.

Overt Act No. 28:   Sometime between October 2-4, 2022, defendant SIDHU passed the telephone number and serial number to his drug supplier, which was to be used for a delivery of 100 kilograms of cocaine to a drug transporter in greater Los Angeles area.

Overt Act No. 29:   On October 4, 2022, defendant LOPEZ called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant LOPEZ believed was a drug transporter, but who, in fact, was CI-1, and arranged to deliver 100 kilograms of cocaine.

Overt Act No. 30:    On October 4, 2022, defendant SIDHU requested the status of the cocaine delivery and instructed CI-1 to count the number of drug packages upon delivery.

Overt Act No. 31:    On October 4, 2022, in subsequent communications between defendant LOPEZ and CI-1, defendant LOPEZ provided the serial number on the bill of currency that CI-1 previously provided to defendant SIDHU.

Overt Act No. 32:    On October 4, 2022, at a parking lot in Ontario, California, defendant LOPEZ met with CC-1, and defendant LOPEZ handed over several cardboard boxes containing 100 kilograms of cocaine to CC-1.

Overt Act No. 33:    On October 5, 2022, after CC-1 retrieved the cocaine from defendant LOPEZ and secreted it inside of a semi-truck trailer, CC-1 dropped off the semi-truck trailer at a trucking warehouse in Ontario, California, to be picked up by another co-conspirator for exportation to Canada.

Overt Act No. 34:    On October 5, 2022, CC-2 advised that he had arranged to have a drug transporter ("CC-7") pick up the trailer from the trucking warehouse in Ontario, California, for exportation to Canada.

Overt Act No. 35:    On October 9, 2022, CC-7, driving the long-haul semi-truck containing the cocaine, crossed into Canada via the United States-Canada border.

Overt Act No. 36:    On October 9, 2022, CC-7 provided to CI-1 the number of the trailer containing the cocaine for the purpose of arranging for a worker go to the truck yard in Brampton, Ontario, Canada and retrieve the cocaine from the trailer.

11

Overt Act No. 37: On October 9, 2022, a co-conspirator ("CC-8"), retrieved the cocaine from the trailer and stored it at CC-8's residence for eventual distribution.

Overt Act No. 38: On October 11, 2022, CC-8 secreted the cocaine that CC-8 previously retrieved from the trailer, inside of CC-8's vehicle, drove the vehicle to a parking lot in Brampton, Ontario, Canada, parked the vehicle with the keys accessible, and left.

Overt Act No. 39: On October 11, 2022, defendant SIDHU drove to the parking lot in Brampton, Ontario, Canada, and retrieved the cocaine from CC-8's vehicle.

Overt Act No. 40: On October 11, 2022, at another parking lot in Brampton, Ontario, Canada, after retrieving the cocaine from CC-8's vehicle, defendant SIDHU met with another co-conspirator ("CC-9") and distributed part of the cocaine to CC-9.

**194 Kilogram Methamphetamine Load on October 11, 2022**

Overt Act No. 41: On October 9, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would deliver or coordinate the delivery of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 42: On October 9, 2022, defendant SIDHU passed the telephone number and serial number, provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for a delivery of 194 kilograms of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 43:   On October 9, 2022, defendant GONZALEZ called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant GONZALEZ believed was a drug transporter, but who, in fact, was CI-1, and arranged to deliver 194 kilograms of methamphetamine.

Overt Act No. 44:   On October 10, 2022, defendant SIDHU messaged CI-1 requesting an update on the methamphetamine delivery.

Overt Act No. 45:   On October 10, 2022, defendant GONZALEZ told CI-1 that the methamphetamine would be divided into five large boxes and two sacks.

Overt Act No. 46:   On October 11, 2022, in Inglewood, California, defendant GONZALEZ possessed with intent to distribute approximately 194 kilograms of methamphetamine, which was contained in two large cardboard boxes in the trunk, two large carboard boxes in the backseat, one large cardboard box in the front passenger's seat, and two duffle bags (one in the front passenger's seat and one in the back seat) of a vehicle that defendant GONZALEZ was driving, as depicted below:



///
///

13

**40-Kilogram Cocaine Load on October 21, 2022**

Overt Act No. 47:  On October 21, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the greater Los Angeles area.

Overt Act No. 48:  On October 21, 2022, defendant SIDHU passed the telephone number and serial number, provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for a delivery of 40 kilograms of cocaine to a drug transporter in the greater Los Angeles area.

Overt Act No. 49:  On October 21, 2022, defendant HERRERA called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant HERRERA believed was a drug transporter, but who, in fact, was CI-1, and arranged to deliver 40 kilograms of cocaine.

Overt Act No. 50:  In subsequent communications between defendant HERRERA and CI-1 on October 21, 2022, defendant HERRERA required that the physical bill of currency containing the serial number token be provided to him upon delivery of the cocaine.

Overt Act No. 51:  On October 21, 2022, after CI-1 provided the physical bill containing the serial number token to CC-1, CC-1 subsequently provided it to a person posing as a drug transporter, but who, in fact, was a second confidential informant ("CI-2").

///

///

///

14

Overt Act No. 52:   On October 21, 2022, at an address in Rancho Cucamonga, defendant HERRERA met with CI-2 and handed over two duffle bags containing approximately 40 kilograms of a mixture and substance containing a detectable amount of cocaine, as depicted below:



Overt Act No. 53:   On October 21, 2022, after defendant HERRERA distributed 40 kilograms of cocaine, defendant SIDHU instructed CI-1 to count it.

### 82 Kilogram Cocaine Load on October 23, 2022

Overt Act No. 54:   On October 21, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the greater Los Angeles area.

Overt Act No. 55:   On October 21, 2022, defendant SIDHU passed the telephone number and serial number, provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for a delivery

of 82 kilograms of cocaine to a drug transporter in the greater Los Angeles area.

Overt Act No. 56:  On October 21-22, 2022, defendant SIDHU had further communications with defendant SIDHU's drug supplier regarding the cocaine delivery.

Overt Act No. 57:  On October 22, 2022, a co-conspirator ("CC-10") called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant CC-10 believed was a drug transporter, but who, in fact, was CI-1, in order to arrange the cocaine delivery.  When it became clear during the call that CC-10 and CI-1 did not speak the same language, the two agreed to communicate by text message.

Overt Act No. 58:  On October 22, 2022, via text messages, CC-10 requested the serial number token from CI-1 and, in coded language, told CI-1 that delivery would consist of 82 kilograms of cocaine.

Overt Act No. 59:  On October 23, 2022, in a coded text message, CC-10 stated that the cocaine would be contained in one large box, one medium box, and one small box.

///
///
///
///
///
///
///
///
///

16

Overt Act No. 60:   On October 23, 2022, in a parking lot in West Covina, California, CC-10 met with CI-2, who was posing as a drug transporter, and CC-10 handed over three cardboard boxes containing approximately 82 kilograms of a mixture and substance containing a detectable amount of cocaine, a depicted below:

Overt Act No. 61:   On October 23, 2022, after CC-10 distributed the 82 kilograms of cocaine to CI-2, defendant SIDHU directed CI-1 to have it counted and to let defendant SIDHU know when the cocaine would be transported via a long-haul semi-truck for exportation to Canada.

### 30 Kilogram Methamphetamine Load on October 24, 2022

Overt Act No. 62:   On October 23, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would deliver or coordinate the delivery of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 63:   Between October 23-24, 2022, defendant SIDHU passed the telephone number and serial number, provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for a delivery

of 30 kilograms of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 64:    On October 24, 2022, defendant SANDOVAL called the telephone number that CI-1 previously provided to defendant SIDHU and spoke to a person who defendant SANDOVAL believed was a drug transporter, but who, in fact, was CI-1, and arranged to deliver 30 kilograms of methamphetamine.

Overt Act No. 65:    On October 24, 2022, in a parking lot in Downey, California, defendants SANDOVAL and VELASCO met with CI-1, who was posing as a drug transporter, and defendant SANDOVAL handed over a duffle bag containing approximately 30.9 kilograms of methamphetamine, as depicted below:



**129 Kilogram Methamphetamine Load on October 24, 2022**

Overt Act No. 66:    On October 23, 2022, defendant SIDHU directed CI-1 to provide defendant SIDHU with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant SIDHU could pass the information to the person who would

deliver or coordinate the delivery of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 67:  Between October 23-24, 2022, defendant SIDHU passed the telephone number and serial number, provided by CI-1, to defendant SIDHU's drug supplier, which was to be used for a delivery of 129 kilograms of methamphetamine to a drug transporter in the greater Los Angeles area.

Overt Act No. 68:  On October 24, 2022, defendant NICOLS sent a text message stating the serial number of the bill of currency previously provided by defendant SIDHU, to the telephone number that CI-1 previously provided to defendant SIDHU, believing that the telephone number corresponded to the drug transporter, but, in fact, was utilized by CI-1.

Overt Act No. 69:  On October 24, 2022, using coded language, defendant NICOLS stated that he had 300 pounds of methamphetamine, split into 68 bags and placed into three large cardboard boxes, for delivery to CI-1, and in later communications stated that he re-packaged the methamphetamine for delivery to CI-1.

///
///
///
///
///
///
///
///
///
///

Overt Act No. 70:   On October 24, 2022, in a parking lot in Downey, California, defendant NICOLS met with CI-1, who was posing as a drug transporter, and defendant NICOLS handed over four duffle bags containing approximately 129 kilograms of methamphetamine, as depicted below:



COUNT TWO

[21 U.S.C. § 963]

[DEFENDANT SIDHU]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, but no later than September 2020, and continuing until on or about February 14, 2023, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and others known and unknown to the Grand Jury conspired to knowingly and intentionally export from the United States the following controlled substances:

1.    at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 960(a)(1), (b)(1)(H); and

2.    at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 960(a)(1), (b)(1)(B)(ii).

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, through the means set forth in Section B, Paragraphs 1 through 9, of Count One of the Indictment, which are re-alleged and incorporated here.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendant SIDHU and others known and

21

unknown to the Grand Jury committed various overt acts within the Central District of California, in the country of Canada, and elsewhere, including, but not limited to, Overt Acts 1-70, as set forth in Count One of this Indictment, which are re-alleged and incorporated here.

COUNT THREE

[21 U.S.C. § 848(a)]

[DEFENDANT SIDHU]

Beginning on an unknown date, but not later than September 2020, and continuing to on or about February 14, 2023, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," engaged in a continuing criminal enterprise in that defendant SIDHU knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1), 846, 963, and 960(a)(1), by committing violations, including but not limited to, the felony violations alleged in Counts One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Thirteen, Fourteen, and Seventeen of this Indictment, which Counts are re-alleged and incorporated here, all of which violations were part of a continuing series of felony violations of subchapters I and II of Title 21 of the United States Code, undertaken by defendant SIDHU in concert with at least five other persons with respect to whom defendant SIDHU occupied a position of organizer, supervisor, and manager, and from which continuing series of violation defendant SIDHU obtained substantial income and resources.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANT SIDHU]

On or about October 11, 2021, in San Bernardino County, within the Central District of California, defendant GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and a co-conspirator, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute, and willfully caused to be possessed with intent to distribute, at least 50 grams, that is, approximately 291 kilograms, of methamphetamine, a Schedule II controlled substance, as depicted below:



COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANT SIDHU]

On or about October 11, 2021, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and a co-conspirator, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute, and willfully caused to be possessed with intent to distribute, at least five kilograms, that is, approximately 89.42 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and HUERTA]

On or about September 13, 2022, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and DANIEL ANTONIO TREJO HUERTA, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute, and willfully caused to be possessed with intent to distribute, at least 50 grams, that is, approximately 200 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and GONZALEZ]

On or about September 21, 2022, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and IVAN GRAVEL GONZALEZ, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least five kilograms, that is, approximately 45 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANT SIDHU]

On or about September 22, 2022, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and an unidentified conspirator, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least five kilograms, that is, approximately 80 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

<u>COUNT NINE</u>

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and LOPEZ]

On or about October 4, 2022, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and IGNACIO LOPEZ, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least five kilograms, that is, approximately 100 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and GONZALEZ]

On or about October 11, 2022, in Los Angeles County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and IVAN GRAVEL GONZALEZ, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute, and willfully caused to be possessed with intent to distribute, at least 50 grams, that is, approximately 194 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II)]

[DEFENDANT GONZALEZ]

On or about October 11, 2022, in Los Angeles County, within the Central District of California, defendant IVAN GRAVEL GONZALEZ knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 41.1 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, as depicted below:



COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT GONZALEZ]

On or about October 11, 2022, in Los Angeles County, within the Central District of California, defendant IVAN GRAVEL GONZALEZ knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 997 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and HERRERA]

On or about October 21, 2022, in San Bernardino County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and DANIEL JOSEPH ALAN HERRERA, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least five kilograms, that is, approximately 40 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II)]

[DEFENDANT SIDHU]

On or about October 23, 2022, in Los Angeles County, within the Central District of California, defendant GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and an unidentified conspirator, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least five kilograms, that is, approximately 82 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II)]

[DEFENDANT VALENZUELA]

On or about October 23, 2022, in Los Angeles County, within the Central District of California, defendant BRYAN URETA VALENZUELA knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 100.2 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, as depicted below:



35

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU, VELASCO, and SANDOVAL]

On or about October 24, 2022, in Los Angeles County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," ORLANDO VELASCO, JR., and ANGEL LARRY SANDOVAL, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least 50 grams, that is, approximately 30.9 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), (b)]

[DEFENDANTS SIDHU and NICOLS]

On or about October 24, 2022, in Los Angeles County, within the Central District of California, defendants GURAMRIT SIDHU, also known as ("aka") "King," aka "King 1," aka "King 2," aka "Siddd," and JORGE PINA NICOLS, aiding and abetting each other, knowingly and intentionally distributed, and willfully caused to be distributed, at least 50 grams, that is, approximately 129 kilograms, of methamphetamine, a Schedule II controlled substance.

37

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II)]

[DEFENDANT LOPEZ]

On or about November 3, 2022, in Orange County, within the Central District of California, defendant IGNACIO LOPEZ knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 38.2 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, as depicted below:



COUNT NINETEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT LOPEZ]

On or about November 3, 2022, in Orange County, within the Central District of California, defendant IGNACIO LOPEZ knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 370 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWENTY

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT LOPEZ]

On or about November 3, 2022, in Orange County, within the Central District of California, defendant IGNACIO LOPEZ knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II narcotic drug controlled substance.

40

COUNT TWENTY-ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT VELASCO]

On or about December 1, 2022, in Los Angeles County, within the Central District of California, defendant ORLANDO VELASCO, JR. knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 19 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, as depicted below:



41

COUNT TWENTY-TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT VELASCO]

On or about December 1, 2022, in Los Angeles County, within the Central District of California, defendants ORLANDO VELASCO, JR. knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 883 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWENTY-THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT SANDOVAL]

On or about December 1, 2022, in Los Angeles County, within the Central District of California, defendants ANGEL LARRY SANDOVAL knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 47 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One, Three, and Four through Twenty-Three of this Indictment.

2.    Any defendant so convicted, shall forfeit to the United States of America the following:

(a)    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b)    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

44

45

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. §§ 853 and 970]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970, in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL


                                    /s/
                                 Foreperson


E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

BRITTNEY M. HARRIS
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, and
Racketeering Section